IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

       Plaintiff,                No. CIV S-12-0334 CKD P

    vs.

WIN, et al.,

       Defendants.         ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to have a magistrate judge conduct all proceedings in this case.  See 28 U.S.C. § 636(c).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments will be forwarded

by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain

more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

1 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2 Rhodes, 416 U.S. 232, 236 (1974).

3            The court finds the allegations in plaintiff's complaint are so vague and

4 conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal

5 Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and

6 state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733

7 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

8 overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint

9 must be dismissed.  The court will, however, grant leave to file an amended complaint.

10           Plaintiff complains about lack of medical care.  The Eighth Amendment's

11 prohibition of cruel and unusual punishment extends to medical care of prison inmates.  Estelle

12 v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a section 1983 claim for violation of the

13 Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or

14 omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id.

15 at 106.  The nature of a defendant's responses must be such that the defendant purposefully

16 ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate

17 indifference" to be established.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992),

18 overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th

19 Cir. 1997).  Plaintiff questions the medical care he has been provided by defendants, but he fails

20 to point to facts suggesting they were deliberately indifferent to serious medical needs.

21           Plaintiff is informed that if plaintiff chooses to amend his complaint, plaintiff

22 must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

23 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

24 must allege in specific terms how each named defendant is involved.  There can be no liability

25 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

26 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

1 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

2 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

3 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6 complaint be complete in itself without reference to any prior pleading.  This is because, as a

7 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14 All fees shall be collected and paid in accordance with this court's order to the Director of the

15 California Department of Corrections and Rehabilitation filed concurrently herewith.

16          3.  Plaintiff's complaint is dismissed.

17          4.  Plaintiff is granted thirty days from the date of service of this order to file an

18 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

19 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

20 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

21 an original and two copies of the amended complaint; failure to file an amended complaint in

22 accordance with this order will result in a recommendation that this action be dismissed.

23  Dated: May 23, 2012

24

25                           CAROLYN K. DELANEY
                          UNITED STATES MAGISTRATE JUDGE

26 1/lang0334.14