UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON, | No. 2:12-cv-0334 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| WIN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Win is a physician employed at California State Prison, Solano (CSP Solano). Plaintiff's remaining claims arise under the Eighth Amendment. Defendant Win has filed a motion for summary judgment.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

1

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the

facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

II.  Plaintiff's Allegations[1]

On August 31, 2011, plaintiff experienced a back spasm which caused him to fall from a top bunk bed.  Plaintiff suffered pain as a result of the fall, and part of one of his ears was severed.[2]  Plaintiff was taken to San Joaquin General Hospital for treatment, and was prescribed Vicodin. When plaintiff returned to CSP Solano on September 1, 2011, however, defendant Win denied plaintiff Vicodin.

Plaintiff alleges that at some point before he fell, he informed defendant Win that back pain hinders plaintiff's climbing to a top bunk bed.  Plaintiff requested that Win provide him with a lower bunk "chrono" to inform correctional staff that, for medical reasons, an inmate should not be forced to sleep in a top bunk.  Defendant Win denied plaintiff's request.

Plaintiff seeks monetary damages for his injuries.

III.  Defendant's Argument And Analysis

A.  Treatment After Plaintiff Returned From San Joaquin General

Defendant Win argues that he is entitled to summary judgment with respect to any claim that he provided constitutionally inadequate care to plaintiff after he returned from San Joaquin General Hospital.  The Eighth Amendment's prohibition of cruel and unusual punishment extends

---

[1] The following allegations appear in plaintiff's July 31, 2012 amended complaint which is signed under the penalty of perjury.  The court identifies only those allegations relevant to plaintiff's remaining claims against defendant Win.

[2] At some point, plaintiff had plastic surgery on his injured ear.

3

to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

In his affidavit, defendant Win admits that he did not provide plaintiff with Vicodin when plaintiff returned from San Joaquin General Hospital. Defendant Win asserts that he provided plaintiff with Tylenol #3, also a narcotic pain medication for severe to moderate pain, because CSP Solano did not stock Vicodin.

Plaintiff fails to point to any admissible evidence suggesting that Dr. Win's substitution of Tylenol 3 for Vicodin amounted to deliberate indifference to a serious medical need. Most notably, plaintiff fails to point to any admissible evidence suggesting: 1) Win could provide plaintiff with Vicodin; 2) that Tylenol 3 was not an appropriate pain reliever under the circumstances; and 3) that plaintiff suffered from serious pain after he returned to CSP Solano.

For these reasons, defendant Win should be granted summary judgment with respect to plaintiff's claim that defendant Win failed to provide Vicodin to plaintiff after he returned from San Joaquin General Hospital.

B. Failure To Provide Plaintiff a Lower Bunk "Chrono"

Defendant Win asserts he did not violate plaintiff's Eighth Amendment rights by failing to provide him with a lower bunk "chrono." The Eighth Amendment's prohibition of cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment

rights can only be violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834. An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

In his affidavit, defendant Win asserts that on December 16, 2010, he examined plaintiff and plaintiff requested a lower bunk "chrono." Win found that plaintiff did not have any limitation of movement. Furthermore, he reviewed plaintiff's medical records which indicated to Win that previous health care providers had found that plaintiff had "full ambulation." Based upon his examination of plaintiff and a review of his medical records, defendant Win denied plaintiff's request for a lower bunk "chrono" believing it was not "medically indicated."

Defendant Win has provided records of his examination which indicate plaintiff informed Win:

1. Plaintiff has chronic back pain.

2. The pain radiates down plaintiff's right leg and his right leg is weaker than his left. He also has numbness and tingling in both legs and feet.

3. The pain is worse when plaintiff climbs.

The records indicate that defendant Win found that, on the day of the examination, plaintiff did not have any limitation of movement[3] and that Win doubted the numbness, weakness and pain in plaintiff's lower extremities as plaintiff claimed. The records provided do not indicate plaintiff complained about back spasms.

Defendant Win does not dispute that plaintiff was issued a lower bunk "chrono" on September 25, 2008 for one year while housed at Avenal State Prison. There is no evidence the "chrono" was ever renewed after it expired.

---

[3] More specifically, the records indicate the results of certain tests conducted by defendant Win. For example, Win noted "NORMAL GAIT, NO DIFFICULTY OFF ON CHAIR," and "FORWARD FLEXION CAN TOUCH ANKLE JOINT."

In his declaration attached to his opposition to defendant Win's motion for summary judgment, plaintiff indicates as follows:

1. He admits defendant Win examined plaintiff on December 16, 2010, and that Win told plaintiff that any treatment prescribed by Win would be based upon that examination. Pg. 2.

2. Plaintiff informed defendant Win that his pain varied from "slight" to "debilitating." Pg. 3.

3. Between December 16, 2010 and August 31, 2011, lower back pain affected his arms and legs and muscle spasms caused his body to move in unusual ways. Id.

Even after viewing the evidence in the light most favorable to plaintiff, the court finds that there is no genuine issue of material fact as to whether defendant Win was deliberately indifferent to a substantial risk of serious harm when he denied plaintiff a lower bunk "chrono."  The court accepts that plaintiff informed defendant on December 16, 2010 that he had some back pain, that he had spasms (with unidentified frequency, duration or severity), and that climbing made his pain worse.  But, in light of defendant's undisputed finding after conducting a physical examination that plaintiff had no limitation of movement, a rational trier of fact could not find that failure to issue a lower bunk "chrono" knowingly exposed plaintiff to a substantial risk of serious harm.  The fact that plaintiff did not suffer any injury as a result of sleeping in a top bunk until over eight months after defendant's examination certainly supports defendant Win's conclusion.

For all of the foregoing reasons, the court will recommend that defendant Win's motion for summary judgment be granted and this case be closed.[4]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district Court Judge to this case.

/////

/////

---

[4] In light of the foregoing, defendant Win is correct that he is immune from suit under the "qualified immunity" doctrine.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions are shielded from liability for civil damages as long as their conduct does not violate a clearly established federal law).

IT IS HEREBY RECOMMENDED that:

1. Defendant Win's motion for summary judgment (ECF No. 35) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 22, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lang0334.57